UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARIA I. TEIXEIRA,**<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>    **Defendant.** | Civ. No. 2:13-07505 (WJM)<br><br>**OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

  Plaintiff Maria I. Teixeira brings this action pursuant to 42 U.S.C. § 405(g), seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Plaintiff moves for immediate restoration of benefit payments. In response, the Commissioner cross-moves for remand under Section 405(g).

  Plaintiff applied for DIB on November 3, 2010. Her claim was denied initially on March 15, 2011. Upon reconsideration on September 13, 2011, the Commissioner found that Plaintiff was disabled as of March 15, 2011 and granted benefits. Plaintiff then requested a hearing to challenge the established onset date, alleging that she was disabled as of April 3, 2010. On July 17, 2012, Plaintiff testified at a hearing before Administrative Law Judge Hilton R. Miller (the "ALJ"). On August 2, 2012, the ALJ issued an unfavorable decision with legal inconsistencies. On the one hand, the decision states that "[s]ince the claimant has already been found disabled as of March 15, 2011, this decision addresses the period from April 3, 2010, the alleged onset date, through March 14, 2011." On the other hand, the decision contains a finding that "[t]he claimant has not been under a disability . . . from April 3, 2010, through the date of this decision."

  On November 6, 2013, the Appeals Counsel denied Plaintiff's request for review. The Commissioner subsequently stopped Plaintiff's benefit payments, taking the position that the ALJ's decision effectively reversed the reconsideration decision finding Plaintiff disabled as of March 15, 2011. Plaintiff then filed the instant appeal.

  Plaintiff contends that the ALJ did not intend to disturb the reconsideration decision, which established an onset of disability of March 15, 2011, and argues that the Court should order the Commissioner to immediately restore benefits. The Commissioner asks the Court

1

to remand Plaintiff's claim for further administrative proceedings under the fourth sentence of Section 405(g).

Section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Court finds that the ALJ's decision is unclear as to which time period the ALJ intended to review. The Court will thus vacate the ALJ's decision and remand this case to the Commissioner for further administrative proceedings. The Court will decline to order the immediate restoration of benefits, as no legal basis exists for entering such an order. *See Fitzgerald v. Callahan*, No. 97-2508, 1997 WL 438483, at *3 (E.D. Pa. July 24, 1997).

The Court therefore **DENIES** Plaintiff's motion for immediate restoration of benefits and **GRANTS** the Commissioner's cross-motion for remand. The Commissioner's decision is **VACATED** and **REMANDED** for reconsideration consistent with this opinion. An appropriate order follows.

                                                    /s/ William J. Martini
                                              **WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 21, 2015**