UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARIA I. TEIXEIRA,**<br><br>Plaintiff,<br><br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>**Defendant.** | Civ. No. 2:13-07505 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Joel M. Solow, counsel for Plaintiff, brings this motion for $3,068.75 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner of Social Security (the "Commissioner") opposes the motion. For the below reasons, counsel's motion is **DENIED in part and GRANTED in part.**

I. RELEVANT BACKGROUND

Plaintiff applied for benefits in November 2010. Her claim was initially denied. Upon reconsideration, the Commissioner found that Plaintiff was disabled as of March 15, 2011 and granted benefits. Plaintiff then requested a hearing to challenge the established onset date. After a hearing, an ALJ issued an unfavorable decision with legal inconsistencies. The Commissioner subsequently stopped Plaintiff's benefit payments, taking the position that the ALJ's decision effectively reversed the reconsideration decision finding Plaintiff disabled as of March 15, 2011. Plaintiff then filed an appeal in this Court.

In January 2015, this Court vacated the ALJ's decision and remanded the Plaintiff's claim. The Court also granted the parties' consent order for $2,193.75 in attorney's fees, comprised of $1793.75 in fees and $400 in costs. ECF doc. 19 (the "February 2015 Consent Order").

Upon remand, Plaintiff withdrew her request for a hearing regarding her disability onset date. In July 2015, the ALJ issued a decision dismissing Plaintiff's previous hearing request and stating that "the reconsideration determination dated September 13, 2011 remains in effect."

1

In March 2016, Plaintiff's counsel moved in this Court to reopen the case and compel restoration of benefit payments. ECF doc. 20. Plaintiff's counsel explained that he had corresponded with the Commission in October and December 2015, and February 2016, requesting restoration of benefit payments in accordance with the ALJ's July 2015 decision, but had not received a response. *Id.* In June 2016, this Court ordered the Commissioner to show cause, by way of an opposition brief, why the Court should not issue a writ of mandamus compelling the restoration of benefit payments. ECF doc. 21. Thereafter, Plaintiff withdrew the motion to reopen and compel benefits, explaining that the matter had been "amicably adjusted." ECF doc. 22.

Plaintiff's counsel now seeks attorney's fees in the amount of $3,068.75, claiming that he was never paid the $2,193.75 awarded in the February 2015 Consent Order, and seeking an additional $875 in attorney's fees for his work done on the motion to reopen.

## II.   LEGAL STANDARD

The "specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Commissioner, INS v. Jean,* 496 U.S. 154, 163 (1990). The EAJA provides that in any civil action brought by or against the United States, attorney's fees shall be awarded "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). The Plaintiff is a prevailing party under the EAJA if he has "succeeded on any significant issue in litigation which achieved some of the benefit . . . sought in bringing suit." *Shalala v. Schaefer,* 509 U.S. 292, 302 (1993) (internal quotations omitted). The Supreme Court has adopted a "generous formulation" of the term "prevailing party" for purposes of the EAJA. *See P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 855 (3d Cir. 2006) (citing *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)).

## III.   DISCUSSION

Plaintiff's counsel seeks attorney's fees in the amount of **$3,068.75** consisting of:

- The original amount awarded in the February 2015 Consent Order, *i.e.*, **$2,193.75**, comprised of **$1793.75** in attorney's fees and **$400** in costs; and
- **$875** in additional attorney's fees for the work done in connection to the motion to reopen and compel benefit payments.

The Court will **DENY** as moot counsel's request for attorney's fees for the amount awarded in the February 2015 Consent Order ($2,193.75). The Commissioner confirms that the agency has already remitted $2,193.75 in EAJA fees directly to Plaintiff pursuant to the February 2015 Consent Order. And, as Plaintiff's counsel confirms in a July 20, 2016 email to opposing counsel, Plaintiff has already "indicated that she is willing to pay" her counsel the EAJA fee that she received from the agency. ECF doc. 26 (Pl. Reply) at 7. To the extent that Plaintiff's counsel wishes to contest an erroneous tax assessment against

his client, filing a motion for attorney's fees in a closed district court action is not the correct way to do so.

However, the Court will **GRANT** counsel's request for attorney's fees in the amount of $875 for counsel's additional work in securing the restoration of benefit payments for his client.  In doing so, the Court applies a "generous formulation" to find that Plaintiff's counsel is a "prevailing party" under the EAJA: he has succeeded in restoring benefit payments to his client, which "achieved some of the benefit . . . sought in bringing suit." *Shalala,* 509 U.S. at 302.  Awarding fees in this instance also serves the underlying purpose of the EAJA – to eliminate the financial disincentive to challenge an "unreasonable governmental action," here, the government's failure to reinstate benefit payments in a timely matter.  And counsel's fees are reasonable under the circumstances.

Finally, the Court assumes in this instance that counsel was acting in good faith in bringing his motion to reopen and compel payments.  But the Court cautions counsel that, in the future, he is expected to make a greater effort to resolve administrative matters outside of Court (*i.e.*, via a telephone call, letter, or email to opposing counsel) before resorting to motion practice and expending this Court's time and resources.

### IV.    CONCLUSION

The Court therefore **DENIES in part and GRANTS in part** the motion for attorney's fees.   An appropriate order follows.


      /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 20, 2016**